## The collection of the Goods of ABRAHAM R. LAWRENCE.

AN administrator, whose letters have been revoked by the Surrogate, can be cited to account, but is not subject to the orders of the Surrogate, otherwise than in the proceedings for accounting.

THE SURROGATE. This application for a citation requires an examination into the extent of my jurisdiction and control over a person whose authority as special administrator or collector has ceased and determined by the revocation of his letters. The letters of the late special administrator were revoked by me on the 11th of April.

The act of March 26, 1864, "in relation to special administrators or collectors," requires "every person to whom special letters of administration have been issued," to make certain deposits of "all moneys in his hands as such special administrator." And the third section provides that "in case any special administrator shall neglect to make such deposits," the Surrogate may cite him, and require him so to do.

The question raised is, whether, after the letters have been revoked, the person to whom they were originally issued is still liable to be cited, and compelled by me to make the deposit.

On the revocation of his letters, it appears to be plain, from the language of the statutes, than an executor or administrator ceases to be amenable to the "direction and control" which the Surrogate possessed over his conduct, while he remained an executor or administrator. (3 R. S., 5th ed., 362, § 1.) There is but one excepted case in which the jurisdiction survives; and that is, on the settlement of his accounts. (3 R. S., 5th ed., 181, § 74.) It is provided that he may still be cited to an account, in the same way as though his letters were yet in existence; and he may likewise himself apply for a final accounting. And by the act of March 26, 1864,

cited above (section seven), "any person to whom letters of special administration shall have been issued," (probably even though they were since revoked, and he be no longer special administrator), is liable to citation to account.

These express provisions, so carefully made by the Legislature, go to show the jealousy of the law-making power lest Surrogates' Courts should assume improper and unnecessary jurisdiction and "control" over persons who had ceased to be representatives of estates, and were only responsible to the law as individuals. It is evident that the Legislature contemplated and intended the entire cessation of the Surrogate's control over persons whose representative authority had been revoked, except merely to pass the accounts of their stewardship. The moneys that may be remaining in their hands after their letters are revoked, the Surrogate did not possess, by the Revised Statutes, the power of directing to be invested; nor does the new law appear in any degree to increase his powers. I must deny the prayer for a citation on the ground of want of jurisdiction. A citation to account will be issued to the late special administrator; and upon that proceeding he can be directed and compelled to pay over to a successor in the representation of the estate.